UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ARLENE ROTH

    Plaintiff.

Case No.

NATIONSTAR MORTGAGE, LLC,

    Defendant.
_____/

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, ARLENE ROTH (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, and hereby sues the Defendant, NATIONSTAR MORTGAGE, LLC (hereinafter referred to as "Defendant"), for damages and alleges in support thereof:

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendant state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55, *et seq.*, in its illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### PARTIES

4. Plaintiff, Arlene Roth, is a natural person who resides in Lee County, Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8).

5. Defendant, Nationstar Mortgage, LLC, is a foreign limited liability company operating from

-1-

a principal address of 8950 Cypress Waters Boulevard, Coppell, TX 75019 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7). Upon information and belief, Defendant has significant and substantial contacts with the State of Florida.

## FACTS

6. On December 22, 2010, Plaintiff sought protection from her creditors by filing a voluntary Chapter 13 bankruptcy petition with the United States Bankruptcy Court for the Middle District of Florida, Fort Myers Division, case no. 9:10-bk-30383.

7. In the schedules filed with her bankruptcy petition, a debt was listed as being owed to BAC Home Loans Servicing ("BAC") in the amount of $97,830.00 on a first mortgage on property located at 2617 Nightshade Lane, Fort Myers, FL 33905. See **Exhibit "A"** attached hereto.

8. Both Plaintiff's Schedule A and Chapter 13 Plan clearly indicate her intent to surrender the property encumbered by the mortgage held by BAC. See **Composite Exhibit "B"** attached hereto.

9. During the course of Plaintiff's bankruptcy case, the claim held by BAC was transferred to Defendant. A Transfer of Claim evidencing such transfer was filed by BAC on April 17, 2013. See **Exhibit "C"** attached hereto.

10. Following transfer of the claim in question, Defendant was added on the certificate of service in Plaintiff's bankruptcy case, and received all notices issued in such case from that point forward.

11. Plaintiff received an order discharging her debts on June 30, 2014. The certificate of notice accompanying the order of discharge clearly includes Defendant. See **Exhibit "D"** attached hereto.

12. At no time during Plaintiff's bankruptcy case did Defendant challenge the dischargeability of the debt in question.

13. Subsequent to entry of the order of discharge in Plaintiff's bankruptcy case, Defendant began sending billing statements to Plaintiff demanding payment on debt that was included in Plaintiff's bankruptcy. On August 25, 2015, as a result of these demands for payment, Plaintiff filed a federal lawsuit against Defendant for violations of both the FDCPA and the FCCPA (*see Arlene Roth v. Nationstar Mortgage, LLC*, United States District Court for the Middle District of Florida, case number 2:15-cv-00508-UA-CM).

14. The parties resolved the issues raised in the prior lawsuit amicably, and entered into a settlement agreement[1] on or about October 6, 2015. As a material term to settlement, Defendant agreed to cease all communications with the Plaintiff except those required by law, which would be sent to Plaintiff care of the undersigned attorney *only*.

15. Pursuant to the settlement agreement, the parties filed a stipulation to dismiss the prior lawsuit with prejudice on October 23, 2015.

16. Subsequent to settlement of the prior lawsuit, but before the prior lawsuit was officially dismissed, Defendant continued to send correspondence directly to the Plaintiff, in further violation of the FDCPA, the FCCPA, and the terms of the settlement agreement.

---

[1] As the settlement agreement in question is subject to confidentiality, Plaintiff will submit a copy of the settlement agreement for the Court's review upon entry of an order compelling same.

17. On November 2, 2015, the undersigned e-mailed counsel for Defendant in the prior lawsuit, advised him of Defendant's actions, and provided him with fair warning that that further violations would result in additional legal action against Defendant.

18. Despite the bankruptcy case, the prior lawsuit, the terms of the settlement agreement, and the undersigned's warning e-mail to Defendant's counsel as described above, Defendant subsequently sent Plaintiff an "Informational Statement" demanding payment on the discharged debt in the amount of $70,986.87. The statement was dated November 18, 2015, *after complete execution of the settlement agreement, dismissal of the prior lawsuit, and the undersigned's warning e-mail to Defendant's counsel.* See **Exhibit "E"** attached hereto.

19. The Informational Statement sent by Defendant contains the following language: "This statement is sent for information purposes only and is not intended as an attempt to collect, assess, or recover a discharged debt from you, or as a demand for payment from any individual protected by the United States Bankruptcy Code. If this account is active or has been discharged in a bankruptcy proceeding, be advised this communication is for information purposes only and is not an attempt to collect a debt. Please note, however Nationstar reserves the right to exercise its legal rights, including but not limited to foreclosure of its lien interest, only against the property securing the original obligation." See Exhibit "E".

20. The Informational Statement also includes an amount due, a payment due date, and most notably, a tear-off coupon which Defendant instructed Plaintiff to detach and include with her payment. See Exhibit "E".

21. Given the fact that (1) the debt in question is in connection with a mortgage loan on

property that was surrendered by the Plaintiff in bankruptcy; (2) the Plaintiff no longer resides at the subject property and no longer has any interest in the subject property; (3) there is a detachable payment coupon included with the Informational Statement indicating a "total amount due" of $70,986.87; and (4) the Plaintiff already filed suit against Defendant for the exact same conduct, *there can be no other reason for Defendant to send such billing statements other than for the purpose of collecting a debt that is no longer owed.*

22. The Informational Statement sent to Plaintiff as alleged herein was sent despite (1) Defendant's receipt of the relevant bankruptcy notices in Plaintiff's bankruptcy case, including the order of discharge; (2) Defendant's receipt of the undersigned's e-mail of November 2, 2015, which specifically informed Defendant through its counsel of Defendant's continuing violations of state and federal consumer protection statutes, and warned Defendant that its continued violations would result in further legal action being taken against Defendant; and (3) Defendant's receipt of the prior lawsuit and its active litigation of same. Accordingly, Defendant's actions as alleged herein were clearly taken with such blatant disregard for both state and federal consumer protection laws and the Plaintiff's rights thereunder that punitive damages must be assessed against the Defendant.

23. The actions of the Defendant as alleged herein constitute willful, intentional, gross and flagrant violations of the FDCPA and the FCCPA.

24. The Plaintiff has been severely agitated, annoyed, traumatized, emotionally damaged and has otherwise been unduly inconvenienced by the actions of the Defendant.

## COUNT I
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
## Fla. Stat. § 559.72(9)

25. Plaintiff incorporates by reference 1 – 24 of the paragraphs of this Complaint as though fully stated herein.

26. The foregoing acts and omissions of Defendant constitute violations of the FCCPA.

27. Defendant authorized and facilitated against the Plaintiff an attempt to collect a debt from the Plaintiff when it knew such debt had been discharged in Plaintiff's bankruptcy and was thus no longer legally owed.

28. Under the provisions of Florida Statute § 559.72(9), Defendant was and is prohibited from claiming or attempting to enforce a debt or existence of some other legal right when Defendant knows it does not exist.

29. Defendant violated § 559.72(9) by sending the Informational Statement to Plaintiff in an attempt to enforce debt that had been discharged in Plaintiff's bankruptcy and was thus no longer legally owed to Defendant.

30. As a direct and proximate result of Defendant's actions in violation of said statute, the Plaintiff has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

31. As a result of Defendant's violations of the FCCPA, Plaintiff is entitled to actual damages, statutory damages in an amount up to $1,000.00, and reasonable attorney's fees and costs pursuant to Florida Statute § 559.77 from Defendant.

32. Additionally, § 559.77 provides that a court may award punitive damages as well as equitable relief to Plaintiff such as enjoining further illegal collection activity. Plaintiff

asserts that punitive damages are appropriate in this case, and hereby reserves the right to amend her Complaint to include an allegation for punitive damages.

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(2)(A)

33. Plaintiff incorporates by reference 1 – 24 of the paragraphs of this Complaint as though fully stated herein.

34. The foregoing acts and omissions of Defendant constitute a violation of the Fair Debt Collection Practices Act.

35. Defendant authorized and facilitated against the Plaintiff an attempt to collect a debt from the Plaintiff when it knew such debt had been discharged in Plaintiff's bankruptcy and was thus no longer owed.

36. Defendant violated 15 U.S.C. § 1692e(2)(A), which provides that a debt collector may not make a false representation of "the character, amount, or legal status of any debt," by sending the Informational Statement, which falsely alleged that this debt was owed despite the fact that such debt had been discharged in Plaintiff's bankruptcy.

37. As a direct and proximate result of Defendant's actions in violation of said statute, the Plaintiff has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

38. Plaintiff has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692e(2)(A). Accordingly, the Plaintiff seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## COUNT III
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(10)

39. Plaintiff incorporates by reference 1 – 24 of the paragraphs of this Complaint as though fully stated herein.

40. The foregoing acts and omissions of Defendant constitute a violation of the Fair Debt Collection Practices Act.

41. Defendant authorized and facilitated against the Plaintiff an attempt to collect a debt from the Plaintiff when it knew such debt had been discharged in Plaintiff's bankruptcy and was thus no longer owed.

42. Defendant violated 15 U.S.C. § 1692e(10), which provides that a debt collector may not use "any false representation or deceptive means to collect or attempt to collect any debt," by sending the Informational Statement, which demanded payment on a debt legally discharged in bankruptcy.

43. The statements sent by Defendant were deceptive in that they asserted a "total amount due" and included a detachable payment coupon, giving Plaintiff the impression that she must pay such debt.

44. As a direct and proximate result of Defendant's actions in violation of said statute, the Plaintiff has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

45. Plaintiff has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692e(10). Accordingly, the

Plaintiff seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## COUNT IV
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f

46. Plaintiff incorporates by reference 1 – 24 of the paragraphs of this Complaint as though fully stated herein.

47. The foregoing acts and omissions of Defendant constitute a violation of the Fair Debt Collection Practices Act.

48. Defendant authorized and facilitated against the Plaintiff an attempt to collect a debt from the Plaintiff when it knew such debt had been discharged in Plaintiff's bankruptcy and was thus no longer owed.

49. Defendant violated 15 U.S.C. § 1692f, which provides that "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt," by sending the Information Statement, which was an attempt to coerce payment on this alleged consumer debt, when Defendant knew that such debt had been discharged in Plaintiff's bankruptcy.

50. The statement sent by Defendant was unfair and unconscionable in that it gave Plaintiff the impression that such debt remained owed despite the bankruptcy discharge, and it further asserted a "total amount due" and included a detachable payment coupon, giving Plaintiff the impression that she must pay such debt.

51. As a direct and proximate result of Defendant's actions in violation of said statute, the Plaintiff has suffered statutory and actual damages, including but not limited to, mental

and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

52. Plaintiff has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692f. Accordingly, the Plaintiff seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## COUNT V
## BREACH OF SETTLEMENT AGREEMENT

53. Plaintiff incorporates by reference 1 – 24 of the paragraphs of this Complaint as though fully stated herein.

54. Defendant breached the terms of the settlement agreement entered into between Plaintiff and Defendant on or about October 6, 2015.

55. As a material term to settlement of the prior lawsuit, the parties specifically agreed that Defendant would not contact Plaintiff directly, and would send any necessary correspondence to Plaintiff care of the undersigned attorney *only*.

56. Defendant breached the terms of the settlement agreement by sending the Informational Statement directly to Plaintiff.

57. Plaintiff has suffered damages as a result of this breach, as she has been forced to retain the undersigned attorney to enforce the terms of the settlement agreement.

58. The settlement agreement includes a clause awarding reasonable attorneys' fees and costs to the prevailing party of any action filed to enforce the terms of same. Accordingly, Plaintiff seeks reasonable attorneys' fees and costs for filing this action.

## TRIAL BY JURY

59. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. U.S. Const. amend. VII; Fed. R. Civ. P. 38.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and Fla. Stat. § 559.77(2) against Defendant and for Plaintiff;

- for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) and Fla. Stat. § 559.77(2) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Fla. Stat. § 559.77(2) against Defendant and for Plaintiff;

- for an award of actual damages for Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA and FCCPA violations in an amount to be determined at trial; and

- for such other and further relief as may be just and proper.

*Respectfully submitted,*

Dated: December 4, 2015

**THE DELLUTRI LAW GROUP, P.A.**
The Dellutri Law Group Plaza
1436 Royal Palm Square Blvd.
Fort Myers, FL 33919
(239) 939-0900
(239) 939-0588 – Fax
www.DellutriLawGroup.com
*Attorneys for Plaintiff*

By: /s/ Joseph C. LoTempio
    Joseph C. LoTempio, Esq.
    Fla. Bar No. 0086097
    jlotempio@dellutrilawgroup.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF Florida      )
                      ) ss
COUNTY OF Charlotte   )

Plaintiff, ARLENE ROTH, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil action.
2. I have read the above-entitled Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this Complaint is not interposed for any improper purpose, such as to harass any party, cause unnecessary delay to any party, or create a needless increase in the cost of litigation to any party to this action.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
ARLENE ROTH

Subscribed and sworn to before me this 14th day of Dec, 2015 by ARLENE ROTH who:

☐ is personally known; or

☑ produced identification FL R300-006-47-647-0.

_____
Notary Public

(SEAL)

NATALIE C. CRIVELLARO
Notary Public - State of Florida
My Comm. Expires Oct 1, 2017
Commission # FF 051708
Bonded Through National Notary Assn.