UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ARLENE ROTH,

    Plaintiff,

v.                                Case No: 2:15-cv-783-FtM-29MRM

NATIONSTAR MORTGAGE, LLC,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Strike Affirmative Defenses (Doc. #38) filed on October 5, 2016. Defendant filed a Response in Opposition (Doc. #44) on October 24, 2016. For the reasons set forth below, Plaintiff's Motion to Strike is granted.

**I.**

On August 29, 2016, Arlene Roth (Plaintiff) filed a five-count Amended Complaint[1] (Doc. #33) against Nationstar Mortgage, LLC (Nationstar) alleging violations of Section 559.72(9) of the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. § 559.55 et seq., Sections 1692e(2)(A), 1692e(10), and 1692f of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., and a private settlement agreement. The claims are based

---

[1] Although the Court denied (Doc. #20) Nationstar's Motion to Dismiss (Doc. #12) Plaintiff's original complaint (Doc. #1), Plaintiff subsequently moved (Doc. #32) to amend her complaint to include a claim for punitive damages, which unopposed request was granted by the Magistrate Judge (Doc. #35).

on a communication Nationstar sent Plaintiff on November 18, 2015 (the Informational Statement) (Doc. #33-1, pp. 18-20).  Plaintiff contends the Informational Statement was sent for the improper purpose of attempting to collect on a mortgage debt for which Plaintiff's personal liability had been discharged in bankruptcy.

Nationstar filed an Answer and Affirmative Defenses (Doc. #37) on September 20, 2016, which alleges that: 1) Plaintiff has failed to state a claim on which relief may be granted; 2) Nationstar has not violated any laws; 3) Plaintiff's claims are preempted by or precluded under the Truth in Lending Act, 15 U.S.C. § 1601 et seq., and Section 524 of the Bankruptcy Code, 11 U.S.C. § 101 et seq.; 4) Plaintiff failed to mitigate her damages; and 5) any statutory violation was the result of a "bone fide error." There is also a paragraph purporting to reserve Nationstar's right to amend the affirmative defenses and assert additional defenses.

Plaintiff now moves under Rule 12(f) to strike all of the affirmative defenses.  Nationstar opposes Plaintiff's Motion, except as to affirmative defense three, which it has withdrawn.

**II.**

**A.  Pleading Standard for Affirmative Defenses**

Federal Rule of Civil Procedure 8(c) requires a defendant to "affirmatively state any avoidance or affirmative defense."  "An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence."  Wright v. Southland

Corp., 187 F.3d 1287, 1303 (11th Cir. 1999). Pursuant to Rule 12(f), courts may strike "insufficient" defense from a pleading upon a motion so requesting or sua sponte. Fed. R. Civ. P. 12(f).

Neither the Supreme Court nor any Circuit Court of Appeals has addressed whether the "plausibility" pleading regime for complaints adopted in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), also applies to affirmative defenses. This Court has held that affirmative defenses must at least contain some facts linking the elements of the particular defense to the allegations in the complaint, so as to provide the plaintiff fair notice of the grounds upon which the defense rests. Pk Studios, Inc. v. R.L.R. Invests., LLC, No. 2:15-CV-389-FTM-99CM, 2016 WL 4529323, at *2 (M.D. Fla. Aug. 30, 2016); Daley v. Scott, No: 2:15-cv-269-FtM-29DNF, 2016 WL 3517697, at *3 (M.D. Fla. June 28, 2016). Boilerplate pleading – merely listing the name of the affirmative defense without providing any supporting facts – does not satisfy Rule 8(c) because it fails to provide notice sufficient to allow the plaintiff to rebut or properly litigate the defense. See Grant v. Preferred Research, Inc., 885 F.2d 795, 797 (11th Cir. 1989); Hassan v. U.S. Postal Serv., 842 F.2d 260, 263 (11th Cir. 1988).

**B.  Affirmative Defenses One and Two – Failure to State a Claim and Compliance with the Law**

Nationstar's first and second affirmative defenses assert, respectively, that Plaintiff has failed to state a claim for which relief may be granted and that Nationstar has complied with all

applicable laws - which is the legal equivalent of saying that Plaintiff has failed to state claims for violations of the FDCPA and FCCPA. These are "general" defenses properly raised in a Rule 12(b) motion, not "affirmative" defenses to be asserted in a responsive pleading. See In re Rawson Food Serv., Inc., 846 F.2d 1343, 1349 & n.9 (11th Cir. 1988). Accordingly, the Court grants Plaintiff's request to strike these defenses. Pk Studios, 2016 WL 4529323, at *2; Daley, 2016 WL 3517697, at *4.

**C. Affirmative Defense Four – Failure to Mitigate Damages**

The fourth affirmative defense alleges that Plaintiff's claims are barred because she failed to mitigate her damages. Though not one of the eighteen affirmative defenses enumerated in Rule 8(c), failure to mitigate is indeed a proper affirmative defense, Frederick v. Kirby Tankships, Inc., 205 F.3d 1277, 1287 (11th Cir. 2000), appropriately invoked where a plaintiff fails "to make reasonable efforts to alleviate the effects of the injury" the defendant is alleged to have caused. Century 21 Real Estate LLC v. Perfect Gulf Props., Inc., No. 608CV1890ORL28KR, 2010 WL 598696, at *5 (M.D. Fla. Feb. 17, 2010) (quoting Black's Law Dictionary (9th ed. 2009)). A defendant who succeeds in proving this affirmative defense is typically entitled to a reduction in the amount of damages for which the defendant is responsible. See Specialized Transp. of Tampa Bay, Inc. v. Nestle Waters N. Am., Inc., 356 F. App'x 221, 228 (11th Cir. 2009) (per curiam).

Specifically, Nationstar alleges that Plaintiff failed to mitigate her damages by not calling the phone number provided on the bottom of the Informational Statement and requesting Nationstar stop sending her statements. Though stated with adequate specificity, the defense – as pled - is immaterial to Plaintiff's claims. The Complaint does not allege that Nationstar sent Plaintiff any communications after the Informational Statement, and the Court fails to see how calling Nationstar would have mitigated the harm that receiving the Informational Statement allegedly caused Plaintiff. Accordingly, the Court will strike affirmative defense four with leave to amend.[2]

**D.   Affirmative Defense Five – Bona Fide Error**

Affirmative defense five asserts that even if Nationstar violated the FDCPA or FCCPA by sending the Informational Statement, such violation "was not intentional and [was] the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." Plaintiff contends that this defense should be stricken because Nationstar has not alleged any supporting facts, namely, what the error was and what

---

[2] Because the Court strikes this defense, the Court need not yet resolve Plaintiff's argument that the only proper affirmative defenses to an FDCPA claim are the three enumerated in 15 U.S.C. § 1692k: bona fide error, statute of limitations, and good faith conformity with an advisory opinion of the Bureau of Consumer Financial Protection. The Court notes, however, that at least one federal court has considered and rejected this contention. Perez v. Gordon & Wong Law Grp., P.C., No. 11-CV-03323-LHK, 2012 WL 1029425, at *10 (N.D. Cal. Mar. 26, 2012) ("[T]he universe of appropriate defenses available to a defendant in an FDCPA case is not limited to those expressly enumerated in § 1692k.").

preventative procedures Nationstar had in place. Plaintiff claims further that the defense is not pled with the particularity that Rule 9(b) requires for all averments of mistake.

Nationstar's Answer simply parrots the "bona fide error" language of 15 U.S.C. § 1692k(c). "Such a defense, which does not provide any information connecting it to Plaintiff's claims, is precisely the type of bare-bones conclusory allegation" that is insufficient under Rule 8(c). Bartholomew v. Pollack & Rosen, P.A., No. 2:15-CV-135-FTM-29, 2015 WL 3852944, at *2 (M.D. Fla. June 22, 2015) (striking boilerplate bona fide error defense); Schmidt v. Synergentic Commc'ns, Inc., No. 2:14-CV-539-FTM-29CM, 2015 WL 997828, at *2 (M.D. Fla. Mar. 5, 2015) (same). Affirmative defense five is, therefore, stricken with leave to amend.[3]

### E. Affirmative Defense Six – Reservation of Rights

Although Plaintiff does not request to strike Nationstar's "reservation of rights" paragraph, she does contend that it is not a proper affirmative defense. The Court agrees and thus will sua sponte strike the reservation of rights from the Answer. See

---

[3] Without deciding the issue, the Court observes that several courts, including courts in this District and Circuit, have held that the bona fide error defense is subject to Rule 9(b)'s heightened pleading standards. E.g., Walker v. Credit Control Servs., Inc., No. 8:15-CV-1114-T-17TGW, 2015 WL 4571158, at *2 (M.D. Fla. July 28, 2015); Wiebe v. Zakheim & Lavrar, P.A., No. 6:12-CV-1200-ORL-18, 2012 WL 5382181, at *2 (M.D. Fla. Nov. 1, 2012); Arnold v. Bayview Loan Servicing, LLC, No. CV 14-0543-WS-C, 2016 WL 375154, at *7 (S.D. Ala. Jan. 29), aff'd, No. 16-10742, 2016 WL 4750211 (11th Cir. Sept. 13, 2016) (per curiam).

<u>Guididas v. Cmty. Nat'l Bank Corp.</u>, No. 8:11-CV-2545-T-30TBM, 2013 WL 230243, at *3 (M.D. Fla. Jan. 22, 2013).

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion to Strike Affirmative Defenses (Doc. #38) is **GRANTED** and Nationstar's affirmative defenses are stricken in their entirety.

2. Nationstar may replead affirmative defenses four and five within **seven (7) days** of the date of this Opinion and Order.

**DONE and ORDERED** at Fort Myers, Florida, this 6th day of December, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record