UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ARLENE ROTH,

    Plaintiff,

v.                                    Case No: 2:15-cv-783-FtM-29MRM

NATIONSTAR MORTGAGE, LLC,

    Defendant.

_____

**OPINION AND ORDER**

    This matter comes before the Court on review of Defendant's Motion to Strike Jury Demand (Doc. #48) filed on November 4, 2016. Plaintiff filed a Response (Doc. #56) on December 1, 2016, to which Defendant filed a Reply on December 15, 2016 (Doc. #61). For the reasons stated below, the Motion to Strike is denied.

    On August 29, 2016, Arlene Roth (Plaintiff) filed a five-count Amended Complaint[1] (Doc. #33) against Nationstar Mortgage, LLC (Nationstar), alleging violations of Section 559.72(9) of the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. § 559.55 et seq., Sections 1692e(2)(A), 1692e(10), and 1692f of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et

---

[1] Although the Court denied (Doc. #20) Nationstar's Motion to Dismiss (Doc. #12) Plaintiff's original complaint (Doc. #1), Plaintiff subsequently moved (Doc. #32) to amend her complaint to include a claim for punitive damages, which unopposed request was granted by the Magistrate Judge (Doc. #35).

seq., and a private settlement agreement. The claims are based on a communication Nationstar sent Plaintiff on November 18, 2015 (the Informational Statement) (Doc. #33-1, pp. 18-20). Plaintiff contends the Informational Statement was sent for the improper purpose of attempting to collect on a mortgage debt for which Plaintiff's personal liability had been discharged in bankruptcy. Plaintiff also argues that, by mailing the Statement directly to her, rather than to her attorney, Nationstar materially breached a settlement agreement from the parties' previous lawsuit, in which Plaintiff also alleged improper attempts to collect on the debt.

In both the original and amended complaints, Plaintiff included a demand for jury trial on "all issues so triable." (Doc. ## 1, ¶ 59; 33, ¶ 59.) Nationstar did not object to either demand. To the contrary, Nationstar's counsel signed the parties' July 15, 2016 Joint Case Management Report (Doc. #26) "agreeing" to a jury trial and estimating that trial will last two days. Accordingly, the Court's August 15, 2016 Case Management and Scheduling Order (Scheduling Order) (Doc. #31) set a jury trial for the April 2017 term. Nationstar did not object to the Court's Scheduling Order.

Ten weeks later however, Nationstar filed the instant Motion seeking to strike the jury trial demand under Rule 39(a)(2) of the Federal Rules of Civil Procedure. Nationstar argues that Plaintiff waived her right to a jury trial pursuant to jury-waiver provisions contained in her mortgage contract (Doc. #48-2) and the parties'

prior settlement agreement (Doc. #48-4). Plaintiff opposes the Motion, arguing that it is untimely under Rule 12(f) and that the waiver provisions are either unenforceable or do not apply to the majority of her claims.[2]

The Court need not address these arguments. By failing to object to Plaintiffs' jury demands in the original and amended complaints, and by signing the parties' Case Management Report selecting the "jury trial" option, Nationstar consented to a jury trial and thus waived the right to subsequently invoke the waivers. See Gulf Bay Capital, Inc. v. Textron Fin. Corp., No. 2:14-CV-209-FTM-29CM, 2016 WL 4009942, at *2 (M.D. Fla. July 27, 2016) (holding that despite plaintiff's failure to demand jury trial, defendant consented to jury trial on all claims by agreeing to jury designation in joint case management report); see also BMC Indus., Inc. v. Barth Indus., Inc., 160 F.3d 1322, 1333 (11th Cir. 1998) ("Waiver may be implied when a party's actions are inconsistent with continued retention of the [contractual] right." (citing First Pa. Bank, N.A. v. Oreck, 357 So.2d 743, 744 (Fla. 4th DCA 1978))); Burton-Dixie Corp. v. Timothy McCarthy Constr. Co., 436 F.2d 405, 408 (5th Cir. 1971) ("[T]he district court properly

---

[2] Plaintiff does "concede" that the waiver provision in the settlement agreement waives her right to a jury on the breach of contract claim, since it "arises directly out of the Settlement Agreement." (Doc. #56, p. 10.) However, as the Court discusses below, the parties' Case Management Report supersedes that waiver.

charged the jury that any conduct of the parties inconsistent with the notion that they treated the arbitration provision in effect or any conduct that might be reasonably construed as showing that they did not intend to avail themselves of the arbitration provision may amount to a waiver." (citations omitted)).

Rule 39(a)(2) – the Rule under which Nationstar moves to strike – does not compel a different result here. That Rule provides that "when a jury trial has been demanded under Rule 38 . . . . [t]he trial on all issues so demanded must be by jury unless . . . . the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." Fed. R. Civ. P. 39(a)(2). So, once a jury trial has been properly demanded (and, as here, any jury-waiver provisions have themselves been waived), a plaintiff is entitled to proceed before a jury on all claims for which there is a "federal right to a jury trial" – that is, claims for "which legal rights are to be determined in contrast to those in which equitable rights and remedies are involved." Phillips v. Kaplus, 764 F.2d 807, 812 (11th Cir. 1985). Conversely, as this Court recently observed, "a party may unilaterally withdraw consent [to a jury trial] by filing a motion to strike the jury-trial designation" on the basis that there is no Seventh Amendment right to have a jury try some or all of the issues. Gulf Bay, 2016 WL 4009942, at *3 (citing Kramer v. Banc of Am. Sec., LLC, 355 F.3d 961, 968 (7th Cir. 2004)).

Nationstar's Motion does not argue that Plaintiff's jury demand is foreclosed under the Seventh Amendment.  Nor will the Court sua sponte strike the jury demand, since it appears that a federal right to a jury trial exists for Plaintiff's claims – all of which request money damages.  See Borgh v. Gentry, 953 F.2d 1309, 1311 (11th Cir. 1992) (breach of contract claim "is a legal issue to be tried by a jury" (citation omitted)); Sibley v. Fulton DeKalb Collection Serv., 677 F.2d 830, 832 (11th Cir. 1982) (right to a jury trial exists under the FDCPA); cf. Fla. Stat. § 559.77 (stating that when applying and construing the "Civil Remedies" section of the FCCPA, "due consideration and great weight shall be given to the interpretations of . . . the federal courts relating to the federal Fair Debt Collection Practices Act").  Accordingly, trial of Plaintiff's claims will proceed before a jury.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.   Nationstar's Motion to Strike (Doc. #48) is **DENIED**.

2.   Plaintiff's Motion (Doc. #62) seeking leave to file a sur-reply to the Motion to Strike is **DENIED** as moot.

**DONE and ORDERED** at Fort Myers, Florida, this 29th day of December, 2016.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record