UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ARLENE ROTH,

      Plaintiff,

v.                                    Case No: 2:15-cv-783-FtM-29MRM

NATIONSTAR MORTGAGE, LLC,

      Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion for Reconsideration (Doc. #68) filed on January 9, 2017.  Plaintiff filed a Response in Opposition (Doc. #75) on February 6, 2017. For the reasons stated below, the Motion is denied.

**I.**

Defendant Nationstar asks this Court to reconsider its December 29, 2016 Order (Doc. #65) denying Nationstar's opposed Motion to Strike Plaintiff's Jury Demand (Docs. # 48; 56). Nationstar sought to strike the jury demand because of jury waiver provisions contained in Plaintiff's mortgage agreement and a prior settlement agreement between Plaintiff and Nationstar.  In denying Nationstar's Motion to Strike, the Court concluded, sua sponte, that Nationstar had waived the right to invoke the jury waiver provisions by selecting the jury trial option in the parties' signed joint Case Management Report (CMR) (Doc. #26), and further, by failing to expeditiously object to the Court's Case Management and Scheduling Order (Doc. #31) scheduling the case for a jury

trial for the April 2017 term.   (Doc. #65, p. 3.)   Having so concluded, the Court did not address whether the waiver provisions were enforceable and encompassed Plaintiff's claims.

Nationstar now contends that reconsideration is warranted because: "Nationstar explicitly den[ied] Plaintiff's alleged right to a jury trial" in its Answers to Plaintiff's Complaint and Amended Complaint; 2) the designation of a case for a jury trial in a joint case management report does not waive the right to later object to that designation; and 3) this Court relied on "inapposite law [that is] contrary to persuasive authority on the subject" in denying the Motion to Strike.   (Doc. #68, pp. 1-2.)

## II.

A non-final order may be revised at any time before the entry of a final judgment. Fed. R. Civ. P. 54(b). The decision to grant a motion for reconsideration is within the sound discretion of the trial court and may be granted to correct an abuse of discretion.   Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993). "The courts have delineated three major grounds justifying reconsideration of such a decision: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice."   Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994).   According to Nationstar, reconsideration is warranted to correct the Court's clear error in denying the Motion to Strike on waiver grounds.

### III.

Even if Nationstar's Answers had "explicitly denied" Plaintiff's right to a jury trial (which they did not[1]), the Court would still find reconsideration unwarranted.  Though true – as Nationstar points out - that "Rule 39(a)(2) contains no time limit for the filing of an objection to the demand for a jury trial" and thus a jury demand may be stricken even days before trial (Doc. #68, p. 6 (quoting FN Herstal SA v. Clyde Armory Inc., 838 F.3d 1071, 1090 (11th Cir. 2016))), whether to strike a jury demand still rests within the Court's sound discretion.  Tracinda Corp. v. DaimlerChrysler AG, 502 F.3d 212, 226 (3d Cir. 2007); Brown Jordan Int'l Inc. v. Carmicle, No. 0:14-CV-60629, 2015 WL 11197774, at *1 (S.D. Fla. Aug. 27, 2015); see also Fed. R. Civ. P 39(a).

The undersigned previously exercised his discretion in favor of denying Nationstar's Motion to Strike and finds no clear error in that decision.  Unlike the defendant in the FN Herstal case, here, Nationstar has not asserted that Plaintiff lacks a Seventh Amendment right to proceed before a jury; rather Nationstar argues only that Plaintiff contractually waived the right to a jury trial.  The distinction is important.   The former scenario typically

---

[1] Unlike in the Action Nissan, Inc. v. Hyundai Motor America Middle District of Florida case (No. 6:06-cv-01747) that Nationstar argues is "directly on point," Nationstar's Answers (Docs. #21, 37) contain no "objection to jury trial demand" section moving to strike Plaintiff's jury trial demand.  Rather, Nationstar simply "denies the allegations of Paragraph 59" of the Complaint (Doc. #1) and Amended Complaint (Doc. #33), alleging that "Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable."  The majority of the responses in Nationstar's Answers are largely identical to this general denial.

manifests later in the litigation process, when claims and remedies are narrowed, as was the case in FN Herstal. Id. at 1088-89. In contrast, the waiver argument has been available to Nationstar since the day the Complaint was filed. Nothing prevented Nationstar from moving to strike Plaintiff's jury demand sooner, and there certainly was no reason for Nationstar to agree to a jury trial in the CMR if Nationstar believed Plaintiff had waived that right.[2]

Nor has the Court relied on "inapposite law [that is] contrary to persuasive authority on the subject" in denying the Motion to Strike, as Nationstar contends. The law on which the Court principally relied was the undersigned's own recent Opinion and Order denying, in (pertinent) part, a defendant's motion to strike the plaintiff's jury demand: Gulf Bay Capital, Inc. v. Textron Fin. Corp., No. 2:14-CV-209-FTM-29CM, 2016 WL 4009942 (M.D. Fla. July 27, 2016).[3] As relevant here, the Court concluded that even

---

[2] Nationstar cites Matter of Garfinkle, 672 F.2d 1340, 1347 (11th Cir. 1982) for the proposition that "waiver does not arise from forbearance for a reasonable time." In that case, the Eleventh Circuit actually went on to hold that, while "[a]t an earlier point in time, appellants may have had the right to object to purchasing property based on a sale order that was being appealed and the right to refuse to accept court ordered cancellation of the leases," their failure to act sooner "warrant[ed] an inference of relinquishment of a known right." Id. at 1348. So too, here.

[3] The undersigned also held that, despite having consented to a jury trial, defendant Textron could unilaterally withdraw that consent for purely equitable claims, for which there existed no Seventh Amendment right to a jury trial. Gulf Bay, 2016 WL 4009942, at *3 (citing Kramer v. Banc of Am. Sec., LLC, 355 F.3d 961, 968 (7th Cir. 2004)). Shortly thereafter, the Eleventh Circuit – in FN Herstal – "addressed the propriety of withdrawing consent to a jury trial when the matters to be tried are purely equitable" for the first time and ultimately "agree[d] with Kramer's reasoning." 838 F.3d at 1089.

though *neither party had demanded a jury trial*, the parties'
subsequent agreement to proceed before a jury - as indicated by
the "jury trial" option selected in the signed joint case
management report - was sufficient to establish mutual consent to
a jury trial. Id. at *2. Before reaching that conclusion, the
Court reviewed apposite decisions from other district court judges
(having uncovered no Eleventh Circuit decision on the subject),
some of which found that waiver had occurred, and others holding
against waiver. Ultimately, the Court viewed better-reasoned
those cases finding waiver.[4] Nationstar has presented the Court
with no binding authority compelling a different result under the
facts presented here.

Accordingly, it is hereby

**ORDERED:**

Nationstar's Motion for Reconsideration of Court's Order
Denying Motion to Strike Jury Trial (Doc. #68) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this 26th day of
March, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record

---

[4] This approach to the waiver issue better accords with the
Eleventh Circuit's protective stance toward a litigant's right to
proceed before a jury. See Parrott v. Wilson, 707 F.2d 1262, 1267
(11th Cir. 1983) ("In this circuit, the general rule governing
belated jury requests under Rule 39(b) is that the trial court
should grant a jury trial in the absence of strong and compelling
reasons to the contrary." (citation omitted)).